IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ISRAEL CALLERO MENDEZ, #1679093 | § § § | |
| *Petitioner*, | § | |
| v. | § | CIVIL ACTION NO. 6:19-cv-320 |
| | § | |
| LORIE DAVIS, DIRECTOR, TDCJ-CID | § § § | |
| | § | |
| *Respondent*. | § | |

**REPORT AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Israel Callero Mendez, a prisoner confined at the Beto Unit within the Texas Department of Criminal Justice (TDCJ), proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 concerning a prison disciplinary proceeding. The case was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and (3) as well as the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

For the reasons explained below, the Court recommends that the petition be denied, the case dismissed with prejudice, and that Petitioner be denied a certificate of appealability *sua sponte*.

**I.   Procedural History**

Mendez is in the custody of the Texas prison system pursuant to a capital murder conviction out of the 195th District Court of Dallas County, Texas.[1] Mendez was sentenced to a life-term of imprisonment without parole. In his petition, Mendez specified that he is not eligible for mandatory

---

[1] *State of Texas v. Israel Callero Mendez*, No. F0859468–N (195th Jud. Dist. Ct., Dallas County, Tex., Oct. 29, 2010).

supervision. The present petition does not, however, concern Mendez's conviction. Instead, it concerns a prison disciplinary case for a Code 16.0 offense (possessing contraband), Case No. 20190051015. Mendez was found guilty in the disciplinary case on October 26, 2018. The punishment imposed consisted of five days of cell restriction. In November of 2018, Mendez filed a step-one grievance, which was denied. Mendez then filed a step-two grievance in January of 2019, which was also denied. Subsequently, Mendez filed the instant federal petition. Mendez asserts that he is entitled to federal habeas corpus relief because the disciplinary action unconstitutionally deprived him of his property.[2]

## II. Legal Standard

The role of federal courts in reviewing habeas petitions filed by state prisoners is exceedingly narrow. A prisoner seeking federal habeas corpus review must assert a violation of a federal constitutional right; federal relief is unavailable to correct errors of state constitutional, statutory, or procedural law unless a federal issue is also present. *See Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993); *see also Estelle v. McGuire*, 503 F.3d 408, 413 (5th Cir. 2007) ("We first note that 'federal habeas corpus relief does not lie for errors of state law.'") (internal citation omitted). When reviewing state proceedings, a federal court will not act as a "super state supreme court" to review error under state law. *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007).

Furthermore, federal habeas review of state court proceedings is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996. Under the AEDPA, which imposed several habeas corpus reforms, a petitioner who is in custody "pursuant to the judgment of a State court" is not entitled to federal habeas relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

---

[2] *See* Petition, Doc. No. 1 at 5; Disciplinary Hearing Record, Doc. No. 7-2 at 6.

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established law, as determined by the Supreme Court of the United States; or
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). The AEDPA imposes a "highly deferential standard for evaluating state court rulings," which demands that federal courts give state court decisions "the benefit of the doubt." *See Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations omitted); *see also Cardenas v. Stephens*, 820 F.3d 197, 201-02 (5th Cir. 2016) ("Federal review under the AEDPA is therefore highly deferential: The question is not whether we, in our independent judgment, believe that the state court reached the wrong result. Rather, we ask only whether the state court's judgment was so obviously incorrect as to be an objectively unreasonable resolution of the claim."). Given the high deferential standard, a state court's findings of fact are entitled to a presumption of correctness and a petitioner can only overcome that burden through clear and convincing evidence. *Reed v. Quarterman*, 504 F.3d 465, 490 (5th Cir. 2007).

**III.   Discussion and Analysis**

Mendez's federal habeas petition should be denied. Essentially, Mendez is arguing that he was deprived of his property in violation of his constitutional right to due process. The primary consideration in this case is whether Mendez has stated or presented the denial of a constitutionally protected liberty interest. He has not. "Federal habeas relief cannot be had 'absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.'" *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)). "The Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." *Sandin v. Conner*, 515 U.S. 472, 478 (1995). The Fifth Circuit has applied *Sandin*

to a number of situations. Absent atypical punishment, a prisoner does not have a basis for a federal lawsuit concerning a disciplinary action. *See Hurd v. Director, TDCJ-CID*, No. Civ.A. 6:09cv240, 2009 WL 2058721 (E.D. Tex. July 13, 2009) (collecting cases).

In the present case, to the extent the Petitioner's punishment consisted of cell restrictions, his punishment did not involve a protected liberty interest and was not serious enough to trigger the protection of the Constitution. *Id.* at *2 (E.D. Tex. July 13, 2009) ("punishment consisting of the imposition of commissary and cell restrictions will not trigger the protection of the Constitution."). Petitioner's property claim also does not entitle him to federal habeas corpus relief. *Turner v. Johnson*, 46 F. Supp.2d 655, 675 (S.D. Tex. Mar. 15, 1999) ("Deprivations of property caused by the misconduct of state officials do not infringe constitutional due process if adequate state post-deprivation remedies exist."). Moreover, because a favorable determination on Mendez's property claim would not automatically entitle Mendez to accelerated release from prison, a petition for a writ of habeas corpus is an improper method to raise that claim. "Federal courts have jurisdiction to entertain a writ of habeas [on] behalf of a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Id.* "Thus, a habeas petition is the proper vehicle to seek release from custody, not to challenge the conditions of confinement or prison procedures." *Id.* at *676. Federal habeas corpus relief is unavailable, and the petition should be denied.

**IV.    Certificate of Appealability**

A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, under 28 U.S.C. § 2253(c)(1), he must first obtain a certificate of appealability ("COA") from a circuit justice or judge. *Id.* Although Petitioner has not yet filed a notice of appeal, the

court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner need only show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Supreme Court recently emphasized that the COA inquiry "is not coextensive with merits analysis" and "should be decided without 'full consideration of the factual or legal bases adduced in support of the claims.'" *Buck*, 137 S. Ct. 773 (quoting *Miller-El*, 537 U.S. at 336). Moreover, "[w]hen the district court denied relief on procedural grounds, the petitioner seeking a COA must further show that 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rhoades v. Davis*, 852 F.3d 422, 427 (5th Cir. 2017) (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012)).

Here, Mendez failed to present a substantial showing of a denial of a constitutional right or that the issues he has presented are debatable among jurists of reason. He also failed to demonstrate that a court could resolve the issues in a different manner or that questions exist warranting further proceedings. Accordingly, he is not entitled to a certificate of appealability.

**RECOMMENDATION**

Accordingly, it is recommended that the above-styled habeas petition be denied and that the case be dismissed with prejudice. It is further recommended that Petitioner Mendez be denied a certificate of appealability *sua sponte*.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 13th day of April, 2022.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE